Charles GRANT, Appellant,

v.

UNITED STATES of America, Appellee.

James HENRY, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 21057, 21058.

United States Court of Appeals Ninth Circuit.

Jan. 19, 1967.

Rehearing Denied March 6, 1967 in No. 21058.

Robert L. Schneider, Los Angeles, Cal., for appellant Charles Grant.

Morris Lavine, Los Angeles, Cal., for appellant James Henry.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Chief Asst. U. S. Atty., Robert L. Brosio, Asst. Chief, Crim. Div., Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and DUNIWAY, Circuit Judges.

PER CURIAM:

These two appeals arise from convictions in one joint seven count indictment charging appellants and others with conspiracy (18 U.S.C. § 371); receiving stolen motor vehicles in interstate commerce (18 U.S.C. § 2313); and aiding and abetting (18 U.S.C. § 2). One defendant turned state's evidence (Wooten) and he and defendants Campbell, Tucker and Taylor were convicted and

did not appeal. Grant was found guilty of Counts 1, 2, 5, 6 and 7, and Henry of Counts 1, 2 and 4. Grant was sentenced to five concurrent three year terms, and Henry to three concurrent three year terms. Our jurisdiction on appeal rests on 28 U.S.C. § 1291.

Appellant Henry raises but one point, the insufficiency of the evidence to convict. Grant raises the same point, and also that he was denied adequate representation by counsel.

The claimed insufficiency of the evidence as to each appellant rests on the proposition that the evidence of guilt rests largely on the testimony of codefendant Wooten, an accomplice; and that his testimony was "unbelievable." We do not find it so. In this circuit it is unnecessary to corroborate the evidence of an accomplice. But were that our rule, we do not find any lack of corroborating circumstances and evidence to supplement the accomplice's story, and to permit the trial court to conclude the respective defendants' guilt was proved beyond a reasonable doubt. Having discussed this in some detail at the time of oral argument, we need not here repeat it.

Appellant Grant claims a lack of representation by his counsel because of inadequate time to prepare a defense. No motion for a continuance on behalf of Grant was made by his counsel on March 8, 1965. On that date, the matter was continued to the next day, and defendant Grant's attorney was offered an opportunity to see all documentary evidence, and to discuss all testimony against Grant (R.T. 9a). On March 9, 1965, the trial started and a jury was waived. No motion or request for a continuance was made on behalf of Grant. The trial continued intermittently for seventeen days. No motion for a continuance was made on any ground during this time. No reference to the existence of any possible favorable witnesses, or other evidence, was made. No subpoenas were requested. On March 23, 1965, when both sides rested, counsel for Grant, in objecting to certain evidence, stated: " * * * it is

obviously aimed purely to discredit the defense in this case, which we have adequately presented * * *."

To this date, no suggestion has been made to the court below, or to this court, that defendant Grant was actually prejudiced by any lack of representation; or any refusal of any motion or request for a continuance.

Because of the concurrent sentences as to each defendant, we have not gone beyond proof on the first, or conspiracy, count.

The judgment of convictions as to each defendant is affirmed.